SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X

MILFORD GIFTS LLC and                          Index No.: ___653292___ /2015
1601 BROADWAY GIFTS LLC

                          Plaintiffs,          **SUMMONS**

      -against-          *Plaintiff designates New York*
*County as the place of trial*

 

THOR MILFORD RETAIL LLC, THOR EQUITIES,          *The basis of venue is based upon*
LLC and CITY SOUVENIRS ON 8TH INC.,          *Plaintiff's residence because their*
*principal offices are located in this*
*county.*
                        Defendants.
-----------------------------------------------------------X

**TO THE ABOVE NAMED DEFENDANTS:**

        **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
      October 1, 2015

                            **COX PADMORE SKOLNIK &**
                            **SHAKARCHY, LLP**

                            By:_____
                                Stefan B. Kalina, Esq.
                              Ralph N. Gaboury, Esq.
                          Attorneys for Plaintiffs
                          630 Third Avenue, 19th Floor
                          New York, New York 10017
                          Phone: (212) 953-6633
                          Fax:   (212) 949-6943
                          E-Mail: kalina@cpsslaw.com
                                  gaboury@cpsslaw.com

**TO:**    THOR MILFORD RETAIL LLC
C/O THOR EQUITIES, LLC
25 West 39th Street
New York, New York, 10018

THOR EQUITIES, LLC
25 West 39th Street
New York, New York, 10018

CITY SOUVENIRS ON 8TH INC.
48-24 33rd Street
Long Island City, New York 11101

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
MILFORD GIFTS LLC and                                    Index No.: __653292__ /2015
1601 BROADWAY GIFTS LLC,
                                                          **COMPLAINT**
                                    Plaintiffs,

                    -against-


THOR MILFORD RETAIL LLC, THOR EQUITIES,
LLC and CITY SOUVENIRS ON 8TH INC.,

                                    Defendants.
-------------------------------------------------------------X

Plaintiffs Milford Gifts LLC ("Milford Gifts") and 1601 Broadway Gifts LLC ("Broadway Gifts") (collectively, "Plaintiffs"), by their attorneys Cox Padmore Skolnik & Shakarchy LLP, as and for their Complaint against defendants Thor Milford Retail LLC ("MRL"), Thor Equities, LLC ("Thor"), and City Souvenirs on 8th Inc. ("City Souvenirs") (collectively "Defendants") state as follows:

### PRELIMINARY STATEMENT

1.      This action is for breach of a store lease for retail space, located in a condominium unit known as the Retail Unit ("Retail Unit"), in the newly renovated Milford Hotel at 700 Eighth Avenue, New York, New York ("Building"), which is located in the major tourist destination of New York City's theatre district, stemming from wrongful actions by the landlord MRL, its parent company Thor, and City Souvenirs, a new tenant in the Building who opened a competing souvenir store in the Retail Unit with an identical look and feel to that of Milford Gifts' store and reflecting the details in plans and drawings furnished by Milford Gifts to MRL with, upon information and belief, full approval and assent of MRL and Thor.

2.      Broadway Gifts owns and licenses to its affiliated stores in New York City its

distinctive look and feel for its souvenir stores, including the store operated by Milford Gifts in the Building.  MRL entered into a store lease (the "Lease") with Milford Gifts, so that it may operate its souvenir store from a ground floor location in the Retail Unit in the Building that fronts Eighth Avenue, a major pedestrian artery in the theatre district.  Under the terms of the lease, MRL and Thor sought and approved the build-out by Milford Gifts in accordance with the Broadway Gifts uniform and distinctive design for all of its souvenir store licensees operating throughout New York City.  However, MRL and Thor allowed another tenant to occupy another ground floor retail store space in the Retail Unit in the Building (which space also fronts Eighth Avenue) pursuant to the a lease with City Souvenirs (the "City Souvenirs Lease") and to copy Plaintiffs' store design for sale of the same types of souvenirs, all in derogation of Plaintiffs' rights.

## PARTIES

3.     Plaintiff Milford Gifts LLC is a limited liability company organized under the laws of the State of New York with its principal place of business located at c/o The Torkian Group, 1650 Broadway, Suite 910, New York, New York and that operates and occupies a ground floor store premises in the Retail Unit at 700 Eighth Avenue, New York, New York for the purposes of selling souvenirs.

4.     Plaintiff 1601 Broadway Gifts LLC is a limited liability company organized under the laws of the State of New York with its principal place of business located at c/o The Torkian Group, 1650 Broadway, Suite 910, New York, New York and that, inter alia, operates its flagship souvenir store location at 1601 Broadway, New York, New York.

5.     Defendant Thor Milford Retail LLC is is a limited liability company organized under the laws of the State of Delaware, that is authorized to do business in the State of New

2

York, with its principal place of business located at c/o Thor Equities, LLC, 25 West 39th Street, 11th Floor, New York, New York, and that, upon information and belief, is the landlord pursuant to the Lease and the landlord pursuant to the City Souvenirs Lease at 700 Eighth Avenue, New York, New York.

6.      Defendant Thor Equities, LLC is a limited liability company organized under the laws of the State of Delaware, that is authorized to do business in the State of New York, with its principal place of business located at c/o Thor Equities, LLC, 25 West 39th Street, 11th Floor, New York, New York, and that, upon information and belief, is the owner of the Retail Unit and that is involved in the development, leasing and management of commercial, residential, retail, hotel and mixed-use assets in premier urban locations worldwide.

7.      Defendant City Souvenirs on 8th Inc. is a corporation organized under the laws of the State of New York, with, upon information and belief, its principal place of business located at 48-24 33rd Street. Long Island City, New York, 11101,and that, upon information and belief, leases and operates a store located in the Retail Unite in the Building at the corner of Eighth Avenue and 45th Street.

## JURISDICTION AND VENUE

8.      All parties are subject to in personem jurisdiction by the courts of the State of New York because they are all authorized to conduct business in this State.

9.      Venue is proper in this county under CPLR 503(c) because Plaintiffs are residents of New York County because their principle offices are located therein.

3

## FACTS COMMON TO ALL CAUSES OF ACTION

**The Building.**

10.      The Building is located on Eighth Avenue in New York City's theatre district.

11.      Eighth Avenue is a pedestrian artery near, through and around New York City's theatre district.

12.      New York City's theatre district is a major tourist destination.

13.      The Building is located in a prime market for the sale of souvenirs.

**The Premises.**

14.      The Building consists of two (2) condominium units; to wit, a Retail Unit on the Ground Level, Lobby Level and Sublevels and a Hotel Unit being the balance of the Building. The Retail Unit contains space for at least two (2) retail stores (the "Stores").

15.      MRL and Thor marketed the Stores for letting as prime retail space.

16.      The Stores for let front on Eighth Avenue.

17.      The fronts of the Stores' spaces are comprised of glass to permit pedestrians to enjoy the visual design of the Stores operating therein and to attract them to come in and purchase goods.

**The Lease.**

18.      On or about April 7, 2014, MRL, and Milford Gifts, entered into the Lease between MRL, as landlord, and Milford Gifts, as tenant, for premises located in one (1) of the Stores located in the Retail Unit ("Premises").

19.      The Lease manifests the parties' intention that Milford Gifts would use the Premises as prime retail space on the ground floor of the Building for the sale of souvenirs consistent with its other affiliated souvenir stores in New York City.

20.     The Lease expressly permits Milford Gifts to use the Premises for the "retail sale of souvenirs as is typically sold in a majority of other retail stores operated by Tenant and Tenant's affiliates located in New York City" (Lease ¶5.1).

21.     The Lease expressly restricts Milford Gifts, as tenant, from operating from the Premises under any other trade name other than used by a majority of its affiliated retail stores located in New York City without MRL's consent (Lease ¶5.1).

22.     To ensure compliance, the Lease expressly grants MRL, as landlord, the right to approve, in its reasonable discretion, what shall be placed, displayed or stored on all exterior signage areas and the storefront of the Premises and the façade of the Building (collectively, the "Control Area") provided that same is professionally prepared and installed…. (Lease ¶5.1).

23.     As part of the Lease, MRL's "Design Guidelines" further define a "Design Control Zone," as that area in front of Milford Gifts' space that extends from the Lease line to all points 5'-0'' into the Premises which should convey the store's merchandise identity, generate customer interest, convey excitement and give consumers a reason to shop at the store (Lease, Design Guidelines Art. VII).

24.     Displays within the Design Control Zone must comply with criteria in the Design Guidelines (Lease, Design Guidelines Art. VII).

25.     The Lease does not require MRL, as landlord, to perform any work to prepare the Premises for Tenant's occupancy in accordance with the terms of the Lease, inclusive of the Design Guidelines.

26.     Rather, the Lease expressly requires Milford Gifts, as tenant, to perform the necessary alterations to the Premises, inclusive of the Control Area and Design Control Zone, for operation of its business in accordance with the terms of the Lease ("Tenants Work") (Lease

¶1.3(B)).

27.     To do so, the Lease expressly requires Milford Gifts, as tenant, to first submit its preliminary plans for Tenant's Work, to MRL, as landlord, for MRL's approval of Milford Gifts concept and then for Milford Gifts to submit final plans (based on the preliminary plans) for MRL's approval (Lease ¶1.3(B)).

28.     As per the Design Guidelines, Milford Gifts' plans must include drawings that show store entry location, intended storefront design, character and signage (Lease, Design Guidelines Art. IV(B)).

29.     In addition, the Lease expressly prohibits Milford Gifts, as tenant, from exhibiting any signage on any exterior portion of the Premises without the prior approval of MRL which should not be unreasonably withheld provided the signage complies with MRL's Design Guidelines (Lease ¶25.1).

30.     Moreover, the Lease expressly prohibits Milford Gifts, as tenant, from placing in the windows of the Premises, inclusive of the Control Area, any signs, advertisements or other things unless same are approved by certain governmental agencies, consistent with first class commercial buildings in New York City, and do not constitute a prohibited use (Lease ¶25.2).

31.     The Lease, inclusive of the Design Guidelines, expressly confers upon MRL, as landlord, the right to disapprove of Milford Gifts' plans for Tenant's Work, which right was acknowledged by Milford Gifts to be a material inducement to MRL to enter into the Lease (Lease ¶1.3(B)).

32.     MRL, as landlord, also enjoys the absolute right of approval over all of the Milford Gifts' design, signage and materials within the Design Control Zone (Lease, Design Guidelines Art. VII).

33.     Furthermore, the Lease expressly imposes upon Milford Gifts, as tenant, the obligation to complete Tenant's Work (as approved by MRL) by a date certain and open the Premises, inclusive of the Control Area and Design Control Area, for business in accordance with the terms of the Lease (Lease ¶1.3(B)).

34.     The Lease also expressly requires Milford Gifts, as tenant, to use the Control Area and the Design Control Zone in accordance with the terms of the Lease as a souvenir store and under a trade name as is used by its affiliated stores throughout New York City (Lease ¶5.1).

35.     The Lease also expressly imposes upon Milford Gifts, as tenant, the obligation to maintain continuous operation of its business in the Premises, inclusive of the Control Area and Design Control Zone, in accordance with the terms of the Lease, which obligation was acknowledged by Milford Gifts to be a material inducement to MRL to enter into the Lease (Lease ¶5.7).

36.     Once open for business, the Lease thereafter expressly prohibits Milford Gifts, as tenant, from:

        a.     making any further alteration to the Premises, inclusive of the Control Area, without MRL's approval based upon detailed plans and specifications submitted by Milford Gifts (Lease ¶¶ 8.1(E), 23.1(A)); and

        b.     installing or maintaining any graphics or signage on the exterior of the Premises except as expressly approved by MRL (Lease ¶¶ 8.1(I).

Broadway Gifts' Distinctive Trade Dress

37.     Since at least 2010, Broadway Gifts has operated its flagship souvenir store located in Manhattan's theatre district, and has consistently used a unique design for the look and feel for its souvenir store, which it also licenses to its affiliated souvenir stores which each use the same distinctive look and feel.

38.     The look and feel of Broadway Gifts' store and of its licensees includes the following visual design elements, which together comprise the protectable trade dress owned and licensed by Broadway Gifts and as used by Milford Gifts (the "Broadway Gifts Trade Dress"):

a.  Bright neon pink and green colored translucent interconnected square "crates" used as shelving to display items available for sale in the store front windows (see photographs of the Milford Gifts store location attached as Exhibit A);

b.  Rectangular signs of approximately 36" in width placed horizontally in the storefront window and on the interior of the store that depict souvenirs imprinted with various New York City specific and iconic logos – such as "NYPD" and "FDNY" (see photographs of the Milford Gifts store location attached as Exhibit B); and

c.  A red and white color scheme on the interior of the store, which includes a red border (approximately 10" thick) that is painted on the white interior walls of the store a few inches above the highest level of product shelving, white slatted wall board, and white display tables and shelving (see photographs of the Milford Gifts store location attached as Exhibit C).

39.     The Broadway Gifts Trade Dress is not functional, in that the described visual use of the colors and placement described for store front window display crates, the red and white

interior colors, placement of signs, and the overall look and feel of the store are not necessary for the operation and design of a souvenir store.

40.     In fact, until the advent of City Souvenirs competing store, as described below, no other souvenir or gift shop in New York City has used a visual design or look and feel that is similar to the Broadway Gifts Trade Dress.  It is unique to Broadway Gifts and its licensees.

41.     The Broadway Gifts Trade Dress is inherently distinctive and/or, by virtue of the fact that it has been used exclusively by Broadway Gifts and its licensees since at least 2010, it has acquired secondary meaning as an identifier of Broadway Gifts and its licensee's souvenir stores throughout New York City.

Milford Gifts' Store.

42.     Milford Gifts submitted its plans and specifications to MRL for Tenant's Work to renovate the store so as to operate it in the Premises for the designated use of the sale of souvenirs and under the trade name consistent with Milford Gifts' other affiliated souvenirs stores in New York City, using the Broadway Gifts Trade Dress.

43.     Milford Gifts' plans and specifications for the Tenant's Work included, inter alia, the proposed layout for the retail space, placement of signage in or about the Control Area and/or Design Control Zone in accordance with the Design Guidelines and the Broadway Gifts Trade Dress.

44.     MRL approved Milford Gifts' plans and specifications.

45.     Milford Gifts renovated the store to operate in the Premises in accordance with MRL's approval.

46.     Milford Gifts displayed its signage and souvenir merchandise within the Control Area and/or Design Control Zone in a manner consistent with its other affiliated souvenirs stores

in New York City.

47.     Milford Gifts opened its as-approved renovated store for business in the Premises in a timely manner under the Lease.

48.     Milford Gifts has continuously operated its as-approved renovated store in the Premises since opening for business under the Lease.

<u>MRL, Thor and City Souvenirs' Wrongful Actions</u>.

49.     Upon information and belief, in or around December 2014, MRL entered into the City Souvenirs Lease with City Souvenirs for a second store in the Retail Unit in the Building with the same glass fronting on Eighth Avenue (the "City Souvenirs Store").

50.     Thor and MRL allowed and approved City Souvenirs to occupy and use the City Souvenirs Store in the Building for the sale of souvenirs, and to copy the Broadway Gifts Trade Dress being used under license by Milford Gifts out of its store premises.

51.     As depicted in the photographs attached hereto as <u>Exhibit D</u>, the look and feel of the City Souvenir store copies with precision the following elements of the Broadway Gifts Trade Dress:

     a.  The display of bright neon pink and green colored translucent interconnected square "crates" in the front display window;

     b.  The display of identical rectangular signs with various iconic New York City logos in the front windows and the interior of the store; and

     c.  The red and white color scheme of the interior of the store, including the thick red border painted along the wall above the shelving, the use of white slatted paneling and white tables and shelving.

52.     As a result of City Souvenir's blatant and bad faith copying of Broadway Gifts

Trade Dress, and Thor's and MRL's approval thereof, tourists are being led to believe that City Souvenir's store location is owned by, affiliated with or being jointly operated with Plaintiffs. This consumer confusion is ongoing and there is a likelihood that consumers will continue to be confused, believing falsely that City Souvenirs is another of Broadway Gifts licensed souvenir stores.

53.      As a result of the actions of City Souvenirs, MLR and Thor, Milford's sales have declined significantly since the opening of the City Souvenir's store location.

54.      Upon information and belief, Thor controls or otherwise directs the activities of MRL, which is a special purpose entity created for the purpose of entering into the Lease agreement with Milford Gifts.

55.      Upon information and belief, MRL, at the direction of Thor, knowing that City Souvenirs had copied the Broadway Gifts Trade Dress, in bad faith allowed City Souvenirs to build-out and/or lay-out the second commercial space in the Building.

56.      Upon information and belief, MRL was vested with the power to approve City Souvenir's, build-out and/or lay-out of the second store in the Retail Unit in the Building under the Design Guidelines for the Building.

57.      Upon information and belief, MRL, at the direction of Thor, approved City Souvenir's to design and construct its store to copy the Broadway Gifts Trade Dress.

58.      After Milford Gifts opened, MRL at the direction of Thor, approved and allowed, and continues to approve and allow, City Souvenirs to unfairly compete with Milford Gifts by allowing City Souvenirs to operate using a nearly identical look and feel to that of the Broadway Gifts Trade Dress.

59.      Notwithstanding the presence of City Souvenirs in the Building, Milford Gifts is

required to continue selling souvenirs from its as-approved, renovated store under the Lease.

60.     For so long as MRL, at the direction of Thor, has and continues to allow and approve City Souvenirs to operate a store in the Building that copies the Broadway Gifts Trade Dress, Milford Gifts is, and continues to lose sales and to be financially harmed thereby.`

## AS AND FOR A FIRST CAUSE OF ACTION
### (Federal Trade Dress Infringement)
### (Lanham Act Section 43(a) (15 U.S.C. § 1125(a)))
### (Against all Defendants)

61.     Plaintiffs repeat and reallege the allegations set forth in each of the foregoing paragraphs "1" through "60" as though set forth at length herein.

62.     As detailed hereinabove, the Broadway Gifts Trade Dress is not functional, is unique to Broadway Gifts and its licensees, is inherently distinctive and/or has acquired secondary meaning through exclusive use by Broadway Gifts and its licensees since at least 2010.

63.     As detailed hereinabove, Defendant City Souvenirs has reproduced, copied and imitated the Broadway Gifts Trade Dress in the design of the look and feel of the City Souvenirs Store in a manner that is likely to cause consumer confusion, in that consumers are likely to believe, falsely, that Defendant City Souvenirs is affiliated with, connected with or associated with Broadway Gifts, or that City Souvenirs' products or services originate with, are sponsored by or are approved by Broadway Gifts.

64.     Accordingly, Defendant City Souvenir's actions and conduct complained of herein constitute deliberate and willful trade dress infringement in violation of Section 43(a) of the federal Lanham Act, 15 U.S.C. § 1125(a).

65.     As detailed hereinabove, Defendants MRL, as landlord to City Souvenirs and at the direction of Defendant Thor, upon information and belief, knew or had reason to know that

12

City Souvenir's design of the look and feel for the City Souvenir store would likely cause consumer confusion with respect to the Broadway Gifts Trade Dress licensed by Milford Gifts. Notwithstanding that knowledge, upon information and belief, MRL, at the direction of Thor, nonetheless approved the store design submitted by City Souvenirs and/or induced City Souvenirs to use that design to trade on the goodwill of the Broadway Gifts Trade Dress, resulting in actual and likely consumer confusion going forward.  Upon information and belief, MRL, at the direction of Thor, has failed to direct City Souvenirs to cease using the Broadway Gifts Trade Dress, despite having the power to do so under its lease with City Souvenirs.

66.     Accordingly, Defendants' MRL and Thor's actions and conduct complained of herein constitute contributory and willful trade dress infringement in violation of Section 43(a) of the federal Lanham Act, 15 U.S.C. § 1125(a).

67.     Defendants' trade dress infringement has cause Plaintiffs to sustain monetary damage, loss and injury, in an amount to be determined at trial.

68.     Defendants' trade dress infringement, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss and injury, for which Plaintiffs have no adequate remedy at law.

### AS AND FOR A SECOND CAUSE OF ACTION
**(New York Common Law Trade Dress Infringement)**
**(Against all Defendants)**

69.     Plaintiffs repeat and reallege the allegations set forth in each of the foregoing paragraphs "1" through "68" as though set forth at length herein.

70.     As detailed hereinabove, the Broadway Gifts Trade Dress is not functional, is unique to Broadway Gifts and its licensees, is inherently distinctive and/or has acquired secondary meaning through exclusive use by Broadway Gifts and its licensees since at least

2010.

71.     As detailed hereinabove, Defendant City Souvenirs has in bad faith reproduced, copied and imitated the Broadway Gifts Trade Dress in the design of the look and feel of the City Souvenirs Store in a manner that is likely to cause consumer confusion, in that consumers are likely to believe, falsely, that Defendant City Souvenirs is affiliated with, connected with or associated with Broadway Gifts, or that City Souvenirs' products or services originate with, are sponsored by or are approved by Broadway Gifts.

72.     Accordingly, Defendant City Souvenir's actions and conduct complained of herein constitute deliberate and willful trade dress infringement in violation of New York common law.

73.     As detailed hereinabove, Defendant MRL, as landlord to City Souvenirs and at the direction of Defendant Thor, upon information and belief, knew or had reason to know that City Souvenir's design of the look and feel for the City Souvenir store would likely cause consumer confusion with respect to the Broadway Gifts Trade Dress licensed by Milford Gifts. Notwithstanding that knowledge, upon information and belief, MRL, at the direction of Thor, in bad faith nonetheless approved the store design submitted by City Souvenirs and/or induced City Souvenirs in bad faith to use that design to trade on the goodwill of the Broadway Gifts Trade Dress, resulting in actual and likely consumer confusion going forward.  Upon information and belief, MRL, at the direction of Thor, has failed to direct City Souvenirs to cease using the Broadway Gifts Trade Dress, despite having the power to do so under its lease with City Souvenirs.

74.     Accordingly, Defendants' MRL and Thor's actions and conduct complained of herein constitute contributory and willful trade dress infringement in violation of New York

common law.

75.     Defendants' trade dress infringement conducted in bad faith has cause Plaintiffs
to sustain monetary damage, loss and injury, in an amount to be determined at trial.

76.     Defendants' trade dress infringement conducted in bad faith, unless enjoined by
this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss and injury, for
which Plaintiffs have no adequate remedy at law.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Breach of Implied Covenant of Good Faith & Fair Dealing in the Lease)**
**(Milford Gifts Against MRL)**

77.     Plaintiffs repeat and reallege the allegations set forth in each of the foregoing
paragraphs "1" through "76" as though set forth at length herein.

78.     The Lease is a binding and enforceable contract between MRL and Milford Gifts.

79.     Milford Gifts has, and continues to, comply with all of its covenants and
obligations under the Lease.

80.     The Lease includes an implied covenant of good faith and fair dealing between
MRL and Milford Gifts.

81.     Under the Lease, MRL is impliedly obligated to act in an honest and faithful
manner consistent with the purposes of the Lease which include Milford Gifts' restricted use of
the Premises for the sale of souvenirs from its as-approved, renovated store, and under the same
trade name, all consistent with Milford Gifts' other affiliated souvenirs stores in New York City.

82.     Under the Lease, Milford Gifts submitted its plans to renovate such a souvenir
store to occupy and operate in the Premises.

83.     Under the Lease, MRL approved Milford Gifts plans for such a souvenir store.

84.     Under the Lease, MRL may not do anything which will have the effect of

destroying or injuring Milford Gift's rights to receive the fruits of its Lease to operate such a souvenir store in the Premises.

85.     In violation of its good faith obligations under the Lease, MRL has either or both subverted and/or frustrated Milford Gifts use and enjoyment of the Premises for which it has been let by allowing and approving another tenant to occupy the second commercial store space in the Retail Unit in the Building to operate a souvenir store of the same design, look and feel of Milford Gifts' as-approved plans and the Broadway Gifts Trade Dress, which has been so-operated.

86.     Milford Gifts has, and is continuously, losing sales so long as MRL has, and continues to, approve and allow this other tenant's operation of a competing souvenir store in the second commercial store space in the Retail Unit in the Building of the same design, look and feel of Milford Gifts' as-approved plans and the Broadway Gifts Trade Dress.

87.     Milford Gifts has been deprived of the benefits under the Lease to which it is entitled.

88.     MRL has breached the implied covenant of good faith and fair dealing under the Lease.

89.     As a result of MRL's breach of the implied covenant of good faith and fair dealing in the Contract, Milford Gifts has been damaged thereby in amount to be determined at trial for: (i) any and all lost sales since MRL allowed and approved a competing tenant that commenced operating in the second commercial store space in the Retail Unit in the Building; (ii) any and all consequential damages arising from MRL's allowance and approval of the competing tenant to occupy the second commercial store space in the Retail Unit in the Building to operate a souvenir store of the same design, look and feel of Milford Gifts' as-approved plans

16

and the Broadway Gifts Trade Dress; and (iii) any applicable interest and attorneys' fees.

**WHEREFORE**, Plaintiffs demand entry of judgment against the Defendant as follows:

On its First Cause of Action on behalf of all Plaintiffs against all of the Defendants for federal Trade Dress Infringement, (a) that Defendants be permanently enjoined and restrained from using in any manner, or approving or inducing the use of in any manner, the Broadway Gifts Trade Dress, (b) that City Souvenirs be required to remove or alter all visual design elements from the City Souvenirs Store that infringe on the Broadway Gifts Trade Dress, (c) that Defendant MRL be required to monitor City Souvenirs and other tenants for infringing use of the Broadway Gifts Trade Dress and to direct all such tenants to cease any use upon discovery; (d) that Defendants be required to account to Plaintiffs for any and all profits derived by them, either individually or jointly, (e) that Plaintiffs be awarded monetary damages in an amount to be determined at trial, (f) that by reason of Defendants' willful actions complained of herein, Plaintiffs be awarded treble damages, (g) that Plaintiffs be awarded punitive damages; (f) that Plaintiffs be awarded both pre-judgment and post-judgment interest on each and every damage award; (g) that Plaintiffs have and recover from Defendants their reasonable attorneys' fees, costs and disbursements of this civil action; and (h) that Plaintiffs have such other and further relief as the Court may deem just and proper.

On its Second Cause of Action on behalf of all Plaintiffs against all of the Defendants for New York Common Law Trade Dress Infringement, (a) that Defendants be permanently enjoined and restrained from using in any manner, or approving or inducing the use of in any manner, the Broadway Gifts Trade Dress, (b) that City Souvenirs be required to remove or alter all visual design elements from the City Souvenirs Store that infringe on the Broadway Gifts Trade Dress, (c) that Defendant MRL be required to monitor City Souvenirs and other tenants for

infringing use of the Broadway Gifts Trade Dress and to direct all such tenants to cease any use upon discovery; (d) that Defendants be required to account to Plaintiffs for any and all profits derived by them, either individually or jointly, (e) that Plaintiffs be awarded monetary damages in an amount to be determined at trial, (f) that Plaintiffs be awarded punitive damages; (g) that Plaintiffs be awarded both pre-judgment and post-judgment interest on each and every damage award; (h) that Plaintiffs have and recover from Defendants their reasonable attorneys' fees, costs and disbursements of this civil action; and (i) that Plaintiffs have such other and further relief as the Court may deem just and proper.

On its Third Cause of Action on behalf of Plaintiff Milford Gifts against Defendant MRL for Breach of the Implied Covenant of Good Faith And Fair Dealing: (a) compensatory damages in an amount to be determined at trial but no less than $25,000.00 for Milford Gifts' lost sales since MRL allowed and approved the competing tenant, City Souvenirs, to occupy the second commercial store space in the Retail Unit in the Building to operate a souvenir store of the same design, look and feel of Milford Gifts' as-approved plans and Broadway Gifts Trade Dress; (b) consequential damages in an amount to be determined at trial for all any and all amounts arising from MRL's allowance and approval of the competing tenant, City Souvenirs, to occupy the second commercial store space in the Retail Unit in the Building to operate a souvenir store of the same design, look and feel of Milford Gifts' as-approved plans and Broadway Gifts Trade Dress; (c) any applicable interest and attorneys' fees; and (d) for such other and further relief as

this Court deems just and proper.

Dated: New York, New York
        October 1, 2015

                                   **COX PADMORE SKOLNIK &**
                                   **SHAKARCHY LLP**

                                 **By:** _____

                                     Stefan B. Kalina, Esq.
                                     Ralph Gaboury, Esq.
                          **Attorneys for Plaintiffs**
                          **630 Third Avenue, 19th Floor**
                          **New York, New York 10017**
                          **Phone: (212) 953-6633**
                          **Fax:    (212) 949-6943**
                          **E-Mail  kalina@cpsslaw.com**
                                            gaboury@cpsslaw.com